IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GILBERT MONTEMAYOR GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0179 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO**
**DENY PETITION FOR WRIT OF HABEAS CORPUS**

On July 29, 2009, petitioner filed with this Court a petition for a Writ of Habeas Corpus challenging a May 18, 2009 prison disciplinary proceeding which resulted in the loss of ninety days of previously earned good-time credits. The disciplinary proceedings took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated in the Clements Unit pursuant to a 2004 conviction for burglary of a habitation with intent to commit theft. For the reasons set forth below, it is the opinion of the undersigned that petitioner's federal application for habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

The following factual background is established through written disciplinary records and the disciplinary hearing in this case:

In the morning hours of May 4, 2009, officers at the Clements Unit were conducting a search of offenders and of the building.  As part of the search, the officers examined the toilets in a restroom of the building.  After the officers search the toilets, they observed petitioner go to one of the toilets, spit something into it, and attempt to flush it.  A Lieutenant Cruz, who testified he was part of the team of officers in the bathroom area, stated the officers discovered a small rubber glove in the toilet immediately after petitioner spit into it.  The glove contained smokeless tobacco, which is a contraband substance in Texas Department of Criminal Justice (TDCJ) facilities.  According to Cruz, when he confronted petitioner with the tobacco, petitioner threatened to physically harm Cruz.[1]  Cruz's testimony was corroborated by an Officer Garcia, who testified that, while she was not present when the tobacco was discovered, she was present when petitioner threatened Cruz.  An Officer Navert additionally testified at the hearing on the disciplinary charge.  Navert stated that petitioner was lined up with other offenders during the search when he made a quick exit into the already-searched bathroom.  According to Navert, petitioner spit something out of his mouth into a toilet, and tobacco was discovered in the toilet immediately thereafter.  Navert testified that when Cruz confronted petitioner with the tobacco, petitioner threatened Cruz.

Petitioner denied he had spit the tobacco into the toilet.  He explained he had simply spit toothpaste into the toilet.  He additionally stated (at the hearing) that he did not threaten Cruz and that Cruz had actually threatened to "bash his head against the wall" and had used other profanities in addressing petitioner.  Before this Court, petitioner claims he only threatened to report Cruz's threat of physical violence to the Mexican Consulate.

---

[1] Specifically, petitioner told Cruz, "I'm going to kick your ass, you sorry [m.f.]." (*TDCJ DISCIPLINARY REPOT AND HEARING RECORD,* case # 20090242940).

Petitioner presented this testimony though opening and closing statements written by him and made by his counsel substitute. Counsel substitute additionally cross-examined all the testifying officers and objected to the severity of the punishment imposed.

The disciplinary hearing officer (DHO) did not believe petitioner's testimony and found him guilty of violating Codes 4.0 and 16.1 (threatening to inflict harm, physical or otherwise, on an officer, and use or possession of tobacco products, respectively). *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 24, 27 (revised Jan. 2005). The DHO punished petitioner by imposing recreation, commissary, and cell restrictions; sentencing petitioner to solitary confinement; reducing him in line class from S3 to L1; and revoking ninety days of good-time credits. Petitioner timely filed a Step 1 and a Step 2 grievance, both of which affirmed the DHO's finding of guilt. Petitioner then filed the instant petition for habeas corpus relief.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to allege:

1. The DHO improperly read the details of the charge at the beginning of the hearing, thus subjecting the testifying officers to coercion.

2. The corrections officer who initially brought the disciplinary charges against petitioner committed perjury at the hearing.

3. One of the corrections officers testifying at the hearing failed to identify or give a description of the threat petitioner made against a corrections officer.

4. There was no tangible evidence proving petitioner's guilt.

Respondent has filed, in response to this Court's order, all of the disciplinary records in this case.

III.<br>
<u>PETITIONER FAILS TO PRESENT ANY COGNIZABLE HABEAS CORPUS CLAIMS</u>

A prison disciplinary hearing is not part of a criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 97 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Rather, due process requires only that an inmate be provided (1) advance written notice of the disciplinary action charges, (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action, and (3) a limited opportunity to present evidence and call witnesses in his defense. *Id*. at 563-65, 97 S. Ct. at 2978. Petitioner does not contend that any of these rights were violated.

In addressing the claims petitioner has brought, the Court is mindful of the fact that federal courts cannot retry prison disciplinary disputes; rather, the Court may act only where arbitrary or capricious action is shown. *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached. *Smith v. Rabelais*, 659 F.2d 539 (5th Cir. 1981). In reviewing claims for federal habeas corpus relief, the Court need not conduct a *de novo* factual review. *Id.* at 545.

*A. The DHO did not Commit Error by Reading the Charge at the Beginning of the Hearing*

Petitioner first contends the DHO's improper reading of the charge at the beginning of the hearing coerced the testifying officers into matching their stories to the charge. Under TDCJ regulations, the DHO is required to read the disciplinary report, containing the charge, into the record at the beginning of the hearing to ensure the offender is aware of the charges against him and to give him the opportunity to enter a plea as to each of the charges. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, §VI(B), "Major Disciplinary Hearing: Procedure for Actual Hearing–Presentation of Evidence," pg. 12 (revised Jan.

2005).

Thus, the DHO in petitioner's case was required to read the charge before the hearing began. Moreover, petitioner's contention that the reading of the charge coerced the testifying officers into matching their stories to the charge is wholly unfounded. The tape of the disciplinary hearing reveals that the officers were not present at the time the charge was read. In fact, two of the three testifying officers testified via telephone because they were not at work at the time of the hearing. There is simply no basis to find the officers would have felt coerced into matching their version of the events to the charge. The DHO did not err by reading the charge at the beginning of the hearing. Petitioner's first contention is without merit.

### B. Perjury at the Hearing is not for this Court's Determination

In his second ground of error, petitioner contends the corrections officer who initially brought the disciplinary charges against petitioner, Officer Garcia, committed perjury at the hearing. The recording of the disciplinary hearing reveals Garcia testified that officers found petitioner in possession of tobacco. Garcia testified that she was watching other offenders at the time the tobacco was discovered (and thus was not present when the tobacco was discovered). Lieutenant Cruz brought petitioner into the hallway where Garcia was observing the other offenders and confronted petitioner with the tobacco. At that point, Garcia heard petitioner threaten Cruz. Garcia testified to the exact threat petitioner made against Cruz. Garcia's initial statement that officers found the tobacco in petitioner's possession was not in line with other officer testimony that the tobacco was in fact discovered in a toilet. At the hearing, when confronted with this discrepancy, Garcia admitted that she had misstated where the tobacco was and that Cruz had said the tobacco was discovered in a toilet and petitioner was attempting to flush it. Petitioner claims Garcia perjured

herself by her inaccurate statement about the location of the contraband.  Petitioner additionally claims Garcia perjured herself when she repeated the threat petitioner made against Cruz, as petitioner never made such a threat.

It is well settled that the credibility of witnesses is left to the discretion of the hearing officer. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).  The alleged falsity of a witness statement is not a matter for habeas review, as a habeas court does not assess the weight of the evidence.  Instead, the court must determine whether there is some evidence to support the ruling.  *Id.*

In this case, a statement by the DHO during the hearing indicates the DHO believed Garcia simply misspoke and did not intentionally misrepresent or mistate the facts.  Even if Garcia's testimony about the location of the contraband is totally disregarded, however, the testimony of Lieutenant Cruz and Officer Navert clearly establishes where the tobacco was discovered.  Ultimately, the ruling that petitioner was guilty of possessing contraband has support in evidence other than Garcia's testimony.  *See id.*

Petitioner additionally contends Garcia committed perjury about the threat she heard petitioner make against Cruz.  The determination that Garcia's testimony was believable was one for the DHO.  *See id.*  The DHO clearly believed Garcia, and this Court cannot revisit that determination.  *See id.*  Petitioner's second contention is without merit.

### C. The Unspecific Testimony of an Officer Does not Warrant Reversal

In his third point of error, petitioner complains of the testimony from one of the corrections officers at the hearing, Officer Navert, who, according to petitioner, failed to identify or give a description of the threat petitioner made against Lieutenant Cruz.  At the disciplinary hearing, Navert testified he saw petitioner go to the bathroom and spit something out of his mouth into the

toilet. When Cruz discovered tobacco in the toilet immediately thereafter and confronted petitioner with it, Navert saw petitioner get upset and "threaten" Cruz. Navert never repeated the exact words of what petitioner told Cruz. Petitioner now contends the only threat he made against Cruz was to take legal action against him, and Navert's testimony failed to establish the exact nature of the threat.

Petitioner is correct that Navert never testified specifically as to exactly what petitioner told Cruz. As discussed above, however, the only thing this Court is able to review is whether the guilt determination is supported by any evidence in the record. *Hudson*, 242 F.3d at 537. In this case, while Navert never testified as to petitioner's exact threat, Garcia did directly quote petitioner—both in her report and in her testimony. Under Garcia's testimony, what petitioner told Cruz was clearly a threat to do physical injury to the officer. The finding of guilt has a basis in the record apart from Navert's testimony. *See id.* Petitioner's third contention is without merit.

### *D. There was Evidence on the Record Supporting the Finding of Guilt*

In his final point of error, petitioner complains there was no tangible evidence proving his guilt. While it is unsurprising that there is no tangible evidence of petitioner's spontaneous, verbal threat, tangible evidence of possession of contraband would have been entirely possible. Whether tangible evidence should have been preserved and presented at the hearing, however, is beyond this Court's review. The testimony of two corrections officers, along with the official report of the incident, established petitioner possessed a tobacco product and threatened physical injury on an officer. This evidence was sufficient to support the DHO's finding of guilt. *See id.* Petitioner's fourth contention is without merit.

Petitioner has not contended his constitutional rights were violated by the disciplinary

procedures in this case. The four claims he has brought fail as they are either unfounded or insupportable in light of the evidence supporting the DHO's determination of guilt.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner GILBERT MONTEMAYOR GARZA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).